# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| MARCO A. LOPEZ, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:07-CV-384-TS |
| WESTVILLE CORRECTIONAL FACILITY SUPERINTENDENT, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Marco A. Lopez, a *pro se* prisoner, filed an amended habeas corpus petition (DE 3) challenging the determination of the Westville Correctional Facility Disciplinary Hearing Body (DHB) on April 24, 2007 that he was guilty of attempted battery in violation of A-102/111 in case number WCU-07-04-540. As a result, he was sanctioned by being demoted from credit class I to credit class II. Lopez in his amended petition argued "[t]hat there was no evidence to support the finding of guilt." (Am. Pet. 4.) Though Lopez raises several grounds in his petition, because there is insufficient evidence to find him guilty of attempted battery, it is unnecessary to consider the other grounds that he presents.

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks omitted). Here, there is not a factual basis to support finding Lopez guilty of attempted battery.

The accusations against Lopez were written in the Conduct Report which states,

> On the above date and approximate time I, Ofc. V. Stinson, observed Offender Lopez, Marco # 144867 with a broom in his hand waving it in a threatening manner while yelling, "I'll kill you motherfuckers, come off that wing

and come get it!" He then shouted something in Spanish. I ordered Lopez to drop
the broom, to which he refused. After several more orders to drop the broom,
Lopez continued to refuse my orders and fled with the broom in his hand.

(Report of Conduct, DE 13-2.) In finding him guilty, the DHB stated that its reason for the decision was: "Conduct report is very detailed and indicates J3 Lopez was observed w/ a broom and threatened to kill others." (Report of Disciplinary Hearing, DE 13-5.)

The Indiana Department of Corrections lists, under Class A Offenses, "[c]ommitting battery upon another person, with a weapon (including the throwing of body fluids or waste on another person) of inflicting serious injury." (Adult Disciplinary Procedures, App. I; DE 13-14 at 3.) It also lists "[a]ttempting to commit an Class A offense; aiding, commanding, inducing, counseling, procuring or conspiring with another person to commit any Class A offense." (*Id.*)

It surely is a violation of one or more rules to disobey a correctional officer or to make threats by waiving a broom or by stating an intent to kill, but those are not the questions before the Court. The question is whether these actions constitute a factual basis for attempted battery. There is no evidence that Lopez committed a battery because there is no indication that he hit anyone with the broom; but more importantly, these facts do not support a finding that he even tried to hit anyone. The respondent cited the correct evidentiary standard when it addressed this argument, (Respondent's Mem. in Supp. of Resp. to Order to Show Cause 6–7), but Officer Vinson's account in his conduct report of Lopez waving a broom in a threatening manner and shouting a threat is not "some evidence" or any evidence of attempted battery, despite the respondent's assertion. (*Id.* at 7.) The respondent has submitted additional material under seal which, for security reasons, the Court will not detail in this opinion. Nevertheless, there is nothing in those materials that indicates Lopez tried to hit anyone. Because there is no evidence

that Lopez tried to hit anyone, this record does not provide a basis for finding him guilty of attempted battery.

For the foregoing reasons, the Court:

(1) **GRANTS** the writ of habeas corpus;

(2) **ORDERS** the respondent to restore any earned credit time that Marco A. Lopez lost as a result of this disciplinary incident;

(3) **ORDERS** the respondent to remove this disciplinary incident from the records of Marco A. Lopez; and

(4) **ORDERS** the respondent to send proof that he has complied with this order on or before October 1, 2008.

SO ORDERED on August 13, 2008.

      s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION